

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2008

# Sinaga v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1055

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Sinaga v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1330.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1330

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1055
_____

ROBBY DANIEL SINAGA,

Petitioner

v.

ALBERTO GONZALES, as ATTORNEY GENERAL USA;
MICHAEL CHERTOFF, as SECRETARY OF THE U.S. DEPARTMENT OF
HOMELAND SECURITY; JULIE MYERS, ASSISTANT SECRETARY
OF THE U.S. DEPARTMENT OF HOMELAND  SECURITY;
JOHN P. TORRES, DIRECTOR OF DETENTION AND REMOVAL OFFICE,
IMMIGRATION AND CUSTOMS ENFORCEMENT; SCOTT WEBER,
as DIRECTOR FOR DETENTION AND REMOVAL, NEW JERSEY DISTRICT;
UNITED STATES DEPARTMENT OF JUSTICE; UNITED STATES
DEPARTMENT OF HOMELAND SECURITY
_____

Petition for Review of an Order of the United States
Department of Justice Board of Immigration Appeals
(BIA No. A97-152-983)
Immigration Judge Mirlande Tadal
_____

Submitted Under Third Circuit LAR 34.1(a)
April 18, 2008

Before:  SLOVITER, JORDAN, and ALARCON*, *Circuit Judges.*

_____

     *Honorable Arthur L. Alarcon, Senior Circuit Judge of the Ninth Circuit Court of
Appeals sitting by designation.

_____

(Filed:  April 25, 2008)

_____

OPINION OF THE COURT

_____

JORDAN, *Circuit Judge*.

Robby Daniel Sinaga petitions for review from the final order of the Board of Immigration Appeals denying his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT").  For the following reasons, we will deny Sinaga's petition.

I.

Sinaga is a native and citizen of Indonesia and a practicing Christian.  He was admitted to the United States in October of 2000.  In April of 2004, Sinaga received a notice to appear for removal proceedings for his failure to submit valid entry documents, in violation of 8 U.S.C. §§ 1227(a)(1)(A) and 1182(a)(7)(A)(i).  He conceded his removability but requested relief in the form of asylum, withholding of removal, relief under the CAT, or, in the alternative, voluntary departure.

During removal proceedings, Sinaga made two arguments in support of his requests for relief.  First, he claimed that he had suffered past persecution in Indonesia because of his religious beliefs.  He testified that, while walking home from high school in Indonesia, he was accosted by five individuals who stole his money because he was a

2

Christian. Second, Sinaga claimed that he had a well-founded fear he would be persecuted if returned to Indonesia. To support his claim, he submitted various news articles reporting attacks on Christians and Christian churches in Indonesia.

The Immigration Judge ("IJ") denied Sinaga's requests for asylum and withholding of removal. In response to the claim of past persecution, the IJ accepted Sinaga's testimony as credible but found that his description of the robbery failed to meet the definition of past persecution. In reaching that conclusion, the IJ considered that the incident was isolated, that it did not result in significant injury to Sinaga, and that it was not reported to the authorities. The IJ further noted that Sinaga had remained without harm in Indonesia for at least five years following the alleged incident.

The IJ also found that Sinaga had not established a well-founded fear of future persecution if he were returned to Indonesia. Although Sinaga's fear was found to be subjectively genuine, the IJ concluded that the articles submitted by Sinaga did not establish a pattern or practice of persecution of Christians in Indonesia. Rather, the IJ determined that the evidence indicated that the government was taking steps to reduce the interreligious violence.

Finally, the IJ denied Sinaga's request for relief under the CAT and for voluntary departure, the former because Sinaga failed to present any evidence of torture, and the latter because Sinaga testified that he would not leave the United States if such relief were granted.

On appeal, the Board of Immigration Appeals (BIA) affirmed, without opinion, the decision of the IJ. Sinaga then filed his petition for review.

## II.

We have jurisdiction over a petition for review from a final order of removal under 8 U.S.C. § 1252(a)(1). Because the BIA affirmed the decision of the IJ without opinion, we review the decision of the IJ. *Zhang v. Gonzales*, 405 F.3d 150, 155 (3d Cir. 2005). The IJ's factual determinations must be upheld if supported by substantial evidence, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992), and can only be reversed if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## III.

On appeal, Sinaga argues that the IJ erred by denying his requests for asylum and withholding of removal. "In order to establish eligibility for asylum on the basis of past persecution, an applicant must show: '(1) an incident, or incidents, that rise to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either 'unable or unwilling' to control.'" *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002) (*quoting Navas v. INS*, 217 F.3d 646, 655 (9th Cir. 2000)). Sinaga argues that the robbery committed against him when he was in high school is sufficient to constitute past persecution. However, we have held that "persecution connotes extreme behavior, including 'threats to life, confinement, torture, and economic restrictions so severe that

4

they constitute a threat to life or freedom.'" *Ahmed v. Ashcroft*, 341 F.3d 214, 217 (3d Cir. 2003) (quoting *Fatin v. I.N.S.*, 12 F.3d 1233, 1240 (3d Cir. 1993)).  Here, the IJ's conclusion that this isolated event did not rise to the level of persecution was not erroneous.  *See Lie v. Ashcroft*, 396 F.3d 530, 536 (3d Cir. 2005) (holding that "isolated criminal acts, perpetrated by unknown assailants, which resulted only in the theft of some personal property and a minor injury, [are] not sufficiently severe to be considered persecution").

To qualify for asylum based on a well-founded fear of future persecution, an applicant must show "that she has a genuine fear, and that a reasonable person in her circumstances would fear persecution if returned to her native country."  *Gao*, 299 F.3d at 272 (*quoting Elnager v. INS*, 930 F.2d 784, 786 (9th Cir. 1991)).  We do not agree with Sinaga that the record compels us to conclude that he has established a well-founded fear of future persecution because there is a pattern or practice of persecution of Christians in Indonesia.  "[T]o constitute a pattern or practice, the persecution of the group must be systemic, pervasive, or organized" and must be "committed by the government or forces the government is either unable or unwilling to control."  *Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005) (internal quotation marks and citations omitted).  Here, substantial evidence supports the IJ's conclusion that Sinaga failed to establish a pattern or practice of persecution of Christians in Indonesia.

Sinaga nevertheless points to numerous articles and reports from international news agencies to support his assertion that there is a practice of persecution of Christians in Indonesia. However, the IJ found that, "[t]he background materials ... indicate that the government is making enormous attempts to combat the violence that is taking place in Indonesia and that the government is taking steps to go after the Muslim insurgency that is causing these incidents." (Appendix ["App."] at 20.) The violence described in the reports, although disturbing, does not compel us to conclude to the contrary.

Furthermore, we agree with the IJ that "[t]he fact that one remains in his home country ... for a significant period of time after the incident of alleged past persecution without further mistreatment [undermines] the objective basis of the ... fear of persecution." (App. at 19.) The fact that Sinaga's family continues to reside in Indonesia and attends the same church, without incident, similarly weakens Sinaga's claim. *See Lie*, 396 F.3d at 537 ("[W]hen family members remain in petitioner's native country without meeting harm, and there is no individualized showing that petitioner would be singled out for persecution, the reasonableness of petitioner's well-founded fear of future persecution is diminished.").

To be entitled to withholding of removal, an applicant must show that he faces a "clear probability of persecution" on account of one of the statutorily protected grounds. *INS v. Stevic*, 467 U.S. 407, 430 (1984); *Janusiak v. INS*, 947 F.2d 46, 47 (3d Cir. 1991). The "clear probability" standard is more stringent than the "well-founded fear" standard

and, thus, an applicant who fails to demonstrate a well-founded fear of persecution with respect to an asylum application will be unable to demonstrate a clear probability of persecution with respect to a withholding of removal application. *Janusiak*, 947 F.2d at 47. Because Sinaga has failed to establish his eligibility for asylum, it follows that he will also not be able to meet the more stringent standard to qualify for withholding of removal.

## IV.

For the foregoing reasons we will deny Sinaga's petition for review.